**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NATHANIEL JEANPIERRE, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-4414** |
| **CUSTODIAN, ET AL.** | **SECTION "F"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Nathaniel Jeanpierre, III, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the Orleans Parish Prison and his unidentified custodian.  In the complaint, plaintiff's claim, in its entirety, is stated as follows:  "My legal mail has been open I got some legal mail on 11/16/10 dated from 11/12/10 with scotch tape on it some body open my legal mail that is the second time it happened and we do not have scotch tape on the commissary."[1]  As relief, he seeks  only compensatory damages.[2]

### I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

---

[1]   Rec. Doc. 1, p. 3.

[2]   Rec. Doc. 1, p. 4.

On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches

2

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] the Court nevertheless finds that, for the following reasons, the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

## II.  Failure to Name a Proper Defendant

As an initial matter, the Court notes that plaintiff has not named a proper defendant.

Although plaintiff named the Orleans Parish Prison as a defendant, the prison is merely a building, not a "person" subject to suit under 42 U.S.C. § 1983. Bolden v. Orleans Parish Jail, Civ. Action No. 08-0728, 2009 WL 507045, at *2 (E.D. La. Feb. 26, 2009); Glenn v. Louisiana, Civ. Action No. 08-4817, 2009 WL 382680, at *2 (E.D. La. Feb. 11, 2009); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 n.3 (E.D. La. July 25, 2008); Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322, at *2 & n.4 (E.D. La. Aug. 13, 2007); see also Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14,

---

[3]  The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D. Pa. 1976).

The Court notes that plaintiff also named as a defendant the "custodian (warden, superintendent, jailor or authorized person having custody of applicant)." That, too, is improper, because a §1983 action must be filed against an actual identified person. Francis v. Terrebonne Parish Sheriff's Office, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009); August v. Gusman, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); Vollmer v. Bowles, Civ. Action No. 3:96-CV-0081, 1997 WL 102476, at *2 (N.D. Tex. Feb. 28, 1997). Nevertheless, even if the custodian had been identified, plaintiff has not stated a proper claim against the custodian in either his official capacity or his individual capacity for the following reasons.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against the custodian would in reality be a claim against the local governmental body itself. Glasper v. Guzman, Civ. Action No. 06-2040, 2009 WL 1507568, at *6 (E.D. La. May 27, 2009); Stewart v. Criminal District Court of Louisiana, Civ.

4

Action No. 08-3731, 2008 WL 4758610, at *3 (E.D. La. Oct. 30, 2008).  However, the United States

Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under
> Section 1983 for the misconduct of one of its employees, a plaintiff must initially
> allege that an official policy or custom was a cause in fact of the deprivation of rights
> inflicted.  To satisfy the cause in fact requirement, a plaintiff must allege that the
> custom or policy served as a moving force behind the constitutional violation at issue
> or that [his] injuries resulted from the execution of an official policy or custom.  The
> description of a policy or custom and its relationship to the underlying constitutional
> violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation

marks, brackets, and citations omitted).  Further, "[a] plaintiff may not infer a policy merely because

harm resulted from some interaction with a governmental entity."  Colle v. Brazos County, Texas,

981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL

5125465, at *3 (E.D. La. Dec. 23, 2009).  Rather, he must *identify* the policy or custom which

allegedly caused the deprivation of his constitutional rights.  See, e.g., Murray v. Town of Mansura,

76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir.

2003); Wetzel, 2009 WL 5125465, at *3.  In the instant case, plaintiff does not allege that his

constitutional rights were violated as a result of a policy or custom, much less identify such a policy

or custom, and, therefore, no official-capacity claim has been properly stated.

Plaintiff has likewise failed to state a proper individual-capacity claim against the custodian.

"Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct

giving rise to a constitutional violation.  This standard requires more than conclusory assertions:

The plaintiff must allege specific facts giving rise to the constitutional claims."  Oliver v. Scott, 276

F.3d 736, 741 (5th Cir. 2002) (citation omitted).  Additionally, "[p]ersonal involvement is an

essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.

1983).  Here, plaintiff makes no allegations whatsoever against the custodian, and, most importantly,

he does not allege that the custodian was personally involved with the purported mail tampering.

Moreover, the custodian cannot be held liable under any theory of strict liability[4] or vicarious

liability[5] for federal civil rights violations allegedly committed by a subordinate.

### III.  42 U.S.C. § 1997e(e)

Second, plaintiff's action is barred by 42 U.S.C. § 1997e(e), which provides:  "No Federal

civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for

mental or emotional injury suffered while in custody without a prior showing of physical injury."

42 U.S.C. § 1997e(e).  The United States Fifth Circuit Court of Appeals has expressly held that,

absent a physical injury, § 1997e(e) bars a claim for compensatory damages for mail tampering.

Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005).  Because plaintiff suffered no physical

injury as a result of the opening of his mail, his action for compensatory damages is barred.

### IV.  Failure to State a Nonfrivolous Claim

Third, and most importantly, plaintiff's underlying claim is frivolous.  As noted, plaintiff

alleges that his legal mail was opened without his permission.  However, the United States Fifth

---

[4]     Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[5]     Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability."); Evans, 2008 WL 2223281, at *2.

Circuit Court of Appeals has expressly held that an inmate's constitutional rights are not violated by the mere fact that his legal mail is opened outside of his presence and without his consent. Brewer v. Wilkinson, 3 F.3d 816, 825 (5th Cir. 1999); see also Davis v. Baker, 251 Fed. App'x 899 (5th Cir. 2007); Jones v. Mail Room Staff, 74 Fed. App'x 418, 419 (5th Cir. 2003); Cummings v. Gusman, Civil Action No. 09-144, 2009 WL 1649737, at *3 n. 11 (E.D. La. June 9, 2009).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this first day of December, 2010.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[6]   Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

7